UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Bigham et al., | Case No. 18-cv-1752 (WMW/TNL) |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| Don Haught, Inc., doing business as Clear Creek Plumbing and Heating, doing business as Clear Creek HVAC Services LLC, | |
| Defendant. | |

---

This matter is before the Court on Plaintiffs' motions for entry of default judgment. (Dkts. 13, 36.) For the reasons addressed below, Plaintiffs' request for $16,143.25 in unpaid contributions, liquidated damages, and attorneys' fees and costs is granted.

## BACKGROUND

Plaintiffs are the Sheet Metal Local #10 Control Board Trust Fund (Fund) and its trustees. The trustees of the Fund ensure that contractually bound employers accurately report and contribute to employee benefit plans. Defendant Don Haught, Inc., doing business as Clear Creek Plumbing and Heating and as Clear Creek HVAC Services LLC (Clear Creek), agreed to be bound by the terms of a collective bargaining agreement (CBA) between the Bismarck-Minot Subdivision North Dakota & South Dakota Division of SMARCA, Inc., and the International Association of Sheet Metal, Air, Rail and Transportation Local Union No. 10 Bismarck-Minot North Dakota. The CBA covers the period from June 17, 2013, through June 3, 2018. Because the CBA automatically renews

for an additional 12-month period, Clear Creek is bound by the CBA through at least June 3, 2019.

In relevant part, the CBA requires Clear Creek to make monthly contributions to the Fund on behalf of its covered employees for hours worked. The CBA also requires Clear Creek to set forth the amount due and owing for contributions on a remittance report form that is submitted to the Fund with its monthly payment. An employer is "delinquent" under the CBA if its remittance report and payment are not received by the Fund on or before the fifteenth day of the month following the month for which the contributions are due.

Plaintiffs allege that Clear Creek failed to submit the contributions that it owed to the Fund for the months of April and May 2018. Plaintiffs assert that Clear Creek's employees worked certain hours covered by the CBA for which Clear Creek did not submit contributions to the Fund. Plaintiffs commenced this Employee Retirement Income Security Act (ERISA) action against Clear Creek on June 26, 2018. Plaintiffs served the summons and complaint on Clear Creek on October 22, 2018. Clear Creek had 21 days to file an answer or otherwise respond to the complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). That deadline passed without any response to the complaint. Plaintiffs applied for an entry of default under Federal Rule of Civil Procedure 55(a), which the Clerk of Court entered on November 15, 2018.

Plaintiffs moved for entry of default judgment on November 29, 2018. Because Clear Creek had not produced the monthly remittance reports for the period from May 2018 through November 2018 as required by the CBA, Plaintiffs also sought an order directing Clear Creek to produce the overdue remittance reports. On March 15, 2019, the Court

enjoined Clear Creek from refusing to submit monthly remittance reports and held Plaintiffs' motion for entry of default judgment in abeyance until the record was supplemented as to the amount of damages due.

Clear Creek subsequently produced the required remittance report for May 2018. Moreover, Clear Creek informed Plaintiffs that it had ceased business operations as of May 23, 2018, and thus did not have any remittance reports to submit for the months of June 2018 through November 2018. Plaintiffs supplemented the record with their updated damages calculation and filed another motion for entry of default judgment. Plaintiffs request $16,143.25 for unpaid contributions, liquidated damages, and attorneys' fees and costs.

## ANALYSIS

To obtain a default judgment, a party must follow a two-step process. First, the party seeking a default judgment must obtain an entry of default from the Clerk of Court. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Plaintiffs sought an entry of default, and the Clerk of Court entered default against Clear Creek on November 15, 2018. The Clerk of Court's entry of default is supported by the record, which reflects that Clear Creek was properly served and failed to answer or otherwise respond to the complaint. The first step of the process is complete.

Second, after default has been entered, the party seeking affirmative relief "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Upon default, the

factual allegations in the complaint are deemed admitted except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6); *accord Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). Therefore, the remaining issue before the Court is to determine the amount of damages. *See Brown*, 477 F.2d at 531. A party entitled to a default judgment must prove its damages to a reasonable degree of certainty. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001). A district court may establish damages "by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

Section 502(g)(2) of ERISA governs the calculation of damages for an employer that fails to fulfill its contribution obligations, providing that a court shall award:

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of—

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of [the unpaid contributions],

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). These strict remedies were enacted by Congress to provide employers "a strong incentive to honor their contractual obligations to contribute and to

facilitate the collection of delinquent accounts." *Laborers Health & Welfare Tr. Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547 (1988).

In support of their motions for entry of default judgment, Plaintiffs submitted affidavits from Sheila Rice, the Fund's administrator, remittance reports for the months of April 2018 and May 2018, and an affidavit from Plaintiffs' counsel.

### 1. Unpaid Contributions

Plaintiffs seek $8,191.99 in unpaid contributions for the months of April 2018 and May 2018. The Rice affidavits and accompanying remittance reports support this request. Accordingly, the Court grants default judgment as to the unpaid contribution amount of $8,191.99.

### 2. Interest

Under ERISA, Plaintiffs are entitled to interest on unpaid contributions. But because Plaintiffs do not request any interest damages or provide any documentation to support a particular interest amount, interest damages in this matter are not awarded.

### 3. Liquidated Damages

Next, Plaintiffs seek $1,638.39 in liquidated damages. Plaintiffs are entitled to liquidated damages under ERISA. 29 U.S.C. § 1132(g)(2)(C). And the CBA provides that, if Clear Creek is delinquent in its contribution obligations, it is liable for a liquidated damages penalty that equals 10 percent of the unpaid contributions. If Clear Creek does not submit the delinquent contributions and corresponding damages by the tenth day of the next month, however, the liquidated damages penalty increases to 20 percent of the unpaid contributions. Because Clear Creek was delinquent in its contributions and did not meet

5

the deadline for submitting the overdue payments, Clear Creek is liable for $1,638.39 in liquidated damages, which is 20 percent of the unpaid contribution amount of $8,191.99.

As the Court identifies no errors in this calculation, Plaintiffs' request for $1,638.39 in liquidated damages is granted.

### 4. Reasonable Attorneys' Fees and Costs

Both ERISA and the CBA authorize the recovery of reasonable attorneys' fees and costs. Plaintiffs filed an affidavit of their attorney in support of their claim for attorneys' fees and costs. Plaintiffs' request $4,921.25 in attorneys' fees and $1,391.62 in costs.

When determining the reasonableness of attorneys' fees, a district court has substantial discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084-85 (8th Cir. 2000). The party seeking to recover attorneys' fees bears the burden of establishing that the requested fees are reasonable. *Hensley*, 461 U.S. at 433-34.

Courts employ the lodestar method when determining the amount of reasonable attorneys' fees. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986); *see also Chi. Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Bhd. Labor Leasing*, 974 F. Supp. 751, 754-56 (E.D. Mo. 1997) (applying lodestar method to determine reasonable fees under ERISA), *aff'd*, 141 F.3d 1167 (8th Cir. 1998). The lodestar amount is presumed to be the reasonable fee to which counsel is entitled. *Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 564; *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988). When calculating the lodestar amount, a district court multiplies the number of hours reasonably expended by a reasonable hourly

rate. *Hensley*, 461 U.S. at 433; *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). The hourly rate must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A district court may rely on its experience and knowledge of prevailing market rates to determine whether an attorney's claimed hourly rate is reasonable. *Hanig*, 415 F.3d at 825.

Plaintiffs seek $4,921.25 in attorneys' fees. The billing records indicate that Plaintiffs incurred attorneys' fees for 1.25 hours at a rate of $265 per hour, 3.25 hours at a rate of $260 per hour, 15.75 hours at a rate of $195 per hour, and 3.75 at a rate of $185 per hour.[1] Plaintiffs incurred fees for drafting motions for default judgment, corresponding with the Court and client representatives, preparing for the February 5, 2019 hearing, and drafting a motion for an order to show cause. The Court concludes that Plaintiffs' request for $4,921.25 is reasonable in light of the prevailing hourly rates and that the tasks performed by counsel were reasonable and necessary to successfully prosecute this litigation.

Plaintiffs also seek $1,391.62 in costs for filing fees, service, postage, research fees and photocopying. These amounts are reasonable and supported by the record.

Accordingly, Plaintiffs' request for $6,312.87 in attorneys' fees and costs is granted.

---

[1] Multiplying the hours expended by the respective hourly rates, Plaintiffs accrued a total of $4,941.25 in attorneys' fees. But as Plaintiffs request only $4,921.25 in attorneys' fees, the Court grants only $4,921.25 in attorneys' fees.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motions for entry of default judgment, (Dkts. 13, 36), are **GRANTED**.

2. The Clerk of Court shall enter judgment in the amount of $16,143.25 against Defendant Don Haught, Inc., doing business as Clear Creek Plumbing and Heating and as Clear Creek HVAC Services LLC, and in favor of Plaintiffs.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 16, 2019                            s/Wilhelmina M. Wright
                                                                                    Wilhelmina M. Wright
                                                                                    United States District Judge